E. N. STEPHENSON ET AL. v. R. G. STEPHENSON.

No. 415.

1. **Proof of Execution of Contested Will.**—The statute requires proof of the execution of a will to be made by one of the subscribing witnesses, but where such evidence is produced it does not forbid the taking of other testimony in cases of contested application, to corroborate the testimony of the subscribing witness.    We know of no rule of law which would require the introduction of all the subscribing witnesses before other evidence to sustain the will could be received.

2. **Evidence of Interested Witnesses.**—The testimony of the father of one of the beneficiaries under the will. and of the wife of another, was admissible as to transactions with deceased.    They took nothing under the will, and even if they were interested parties it seems that would not disqualify them.    Citing Beazley v. Denson, 40 Texas, 436, 437.

Vol. VI. Civil—34

**3. Practice—Exclusion of Evidence.—**When the bill of exceptions to the exclusion of evidence fails to state what the answer of the witness to the questions would have been, the ruling will not be reviewed.

**4. Hearsay Evidence.—**When it was proposed to show by one W. that something like twelve hours after the alleged execution of the will, and several hours after decedent's death, one of the subscribing witnesses, who has since died, declared that deceased had not executed the will, but that all of the parties were by agreement to meet some days after and sign it up, the testimony was properly excluded as hearsay.

ON MOTION FOR REHEARING.

**5. Execution of Will.—**Our statute provides that a will may be probated upon the evidence of one of the subscribing witnesses. This is the primary evidence, but when it has been introduced and the witness has testified to facts sufficient to probate the will, the rule is satisfied. and the question of the due execution of the will is the one fact, to be tried like any other. Heist v. Universalist General Convention, 76 Texas, 521, distinguished.

APPEAL from Chambers.    Tried below before Hon. L. B. HIGHTOWER.

*Greer & Greer*, for appellants.—1. A will can only be established and can only be probated on the evidence of subscribing witnesses, and not on that of those who take value under the will, nor of any other person who is related to those who have an interest in the devised property. Rev. Stats., arts. 4859, 1832; Kennedy v. Upshaw, 66 Texas, 442; Kelley v. Settegast, 68 Texas, 13; Garrison v. Blanton, 48 Texas, 300; Bagley v. Denson, 40 Texas, 416; Reun v. Sands, 33 Texas, 761; Vickery v. Hobbs, 21 Texas, 574; Boon v. Mitchell, 75 Texas, 19.

2. Any evidence tending to impeach either the credibility of the witness or the honesty of the will is always admissible in evidence on the trial of the probate of the will. Sam Barrow being dead, and being a subscribing witness to the will, his statements made in the presence of the corpse and of the other witnesses should be taken in evidence. Rev. Stats., art. 1847, secs. 1, 2, art. 1853; Barnhart v. Clark, 59 Texas, 522.

*J. F. Lanier*, *Hugh Jackson* and *W. L. Douglas*, for appellee.—1. R. R. Barrow, one of the subscribing witnesses, having testified in the cause, and R. E. Swinney being present, and having written the name of Mrs. Eliza Stephenson to the will at her request and in the presence of the subscribing witnesses, and not being a beneficiary under the will, the said testimony was competent. The mere fact that said Swinney had a daughter named in the will as one of its beneficiaries would go at most only to his credibility, and not as to his competency as a witness.

2. A wife is not incompetent as a witness in a will case simply because her husband is a devisee or beneficiary under the will.

3. The court did not err in refusing to allow George N. Wallace, the witness, to testify to conversations had with Sam Barrow the day of the death of Mrs. Stephenson, because Sam Barrow was dead, and no predicate for impeachment was or could be made, and the proposed testimony was mere hearsay. Reddin v. Smith, 65 Texas, 26; McKay v. Overton, 65 Texas, 82.

WILLIAMS, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court admitting to probate the will of Mrs. Eliza Stephenson, deceased. The application to probate the will was made by the appellee, who was named in the will as executor, and was contested by appellants, who were children of the deceased, upon the grounds alleged, first, that the paper offered for probate was never executed by the deceased, but was a forgery; and second, that if the paper was executed by Mrs. Stephenson, she had not at the time it was done sufficient mental capacity to make a will.

The case was tried before the judge without a jury, and a judgment was rendered probating the will.

There is no assignment of error which directly questions the sufficiency of the evidence; but we have examined it, and conclude that it was sufficient to prove that the testatrix executed the will, and that she was when she did so of sound mind. All other facts essential to the probating of the instrument were established.

The court properly overruled the objections to the testimony of R. E. Swinney to the circumstances attending the execution of the will. The statute requires that proof of the execution of a will be made by one of the subscribing witnesses; but where such evidence is produced, it does not forbid the taking of other testimony in cases of contested applications, to corroborate the testimony of the subscribing witness. One of the subscribing witnesses to the will was produced in court in this case, and the law in this respect was complied with. We know of no rule of law which would require the introduction of all of the subscribing witnesses before other evidence to sustain the will could be received. A failure to produce such a witness might in some instances arouse suspicion, and incline the court, in doubtful cases, to refuse to probate the will until his testimony was had. But here the deposition of the absent witness, who was a woman, had been taken, and was quashed on motion of appellants before the trial, and there is nothing to suggest an effort to suppress her testimony. The other objection to the competency of Swinney, that he was interested in the cause and not competent to testify to transactions with deceased, is not well taken. He had no interest in the case. His child was one of the beneficiaries of the will, but he took nothing under it. Besides, if he were an interested party, this, it seems,

would not disqualify him.   Rev. Stats., arts. 2246, 2248; Beazley v. Denson, 40 Texas, 436, 437.

The objections to the evidence of Mrs. Chessie Stephenson, the wife of one of the devisees under the will, were the same as those taken to the competency of the witness Swinney, and are disposed of by what is said above.

The bill of exceptions to the exclusion of the declaration of the deceased subscribing witness is not good, in that it fails to state what the answer of the witness Wallace to the question to which objection was sustained would have been, and we can not review the ruling.   But there was no error committed in the exclusion of such declarations of the subscribing witness, if it were admitted that the witness would have answered as appellants claim.   It was proposed to show by one Wallace that something like twelve hours after the alleged execution of the will, and several hours after Mrs. Stephenson's death, one of the parties whose name appeared to the will as a witness, and who had since died, declared that the deceased had not executed the will, but that all of the parties were, by agreement, to meet some days after and sign it up.   This was purely hearsay, and could not be received as competent evidence of the fact stated.   It is claimed to have been a part of the res gestæ.   We can not understand of what transaction it was part.   Certainly not of a previous execution of the will, because by the declaration it was proposed to prove that the will had not been executed.   It can not be treated as part of the res gestæ of an agreement or conspiracy to manufacture a will, because there is no evidence of the existence of any such fact.   There is, it is true, evidence that another of the subscribing witnesses made a statement similar to that sought to be proved as made by the dead witness.   But such evidence was not competent to prove the fact stated, but only to discredit the witness who made it.

There being no error in the rulings of the court, the judgment is affirmed.

<em>Affirmed.</em>

Delivered January 25, 1894.

ON MOTION FOR REHEARING.

WILLIAMS, Associate Justice.—It was urged that we were in error in holding that any evidence of the execution of the will but that of the subscribing witnesses, until all of them had been examined or their absence accounted for, was admissible.   In this case one of the subscribing witnesses was introduced and examined, and the testimony of others present at the execution of the will was then admitted to aid in establishing it.   Our statute provides that a will may be probated by the evidence of one of the subscribing witnesses.   Rev. Stats., art. 1847.

This is the primary evidence, but when it has been introduced, and the

witness has testified to facts sufficient to probate the will, the rule is sat-
isfied, and the question of the due execution of the will is then one of
fact, to be tried like any other. The court may admit the will to probate
upon the evidence of one of the subscribing witnesses, if he testifies to
the requisite facts; and this being so, what reason is there for holding
that it may not do so upon the same evidence, when corroborated by other
testimony? This would seem to be the effect of the contention.

It is said that it was the practice of the courts of chancery upon bills
to establish wills, to require the production of all the subscribing wit-
nesses, but such is not believed to be the general rule in probate proceed-
ings, especially where there are statutes like ours. 3 Redf. on Wills, 39,
41, 42, 45; Schouler on Wills, sec. 348, note 4.

In the case of Heist v. Universalist General Convention, 76 Texas, 521,
the witnesses who were produced were, it seems, unable to testify to the
necessary facts, and it was held that such facts could not be supplied by
the evidence of other witnesses so long as some of the subscribing wit-
nesses had not been examined. This was a case where primary evidence
of the essential facts had not been furnished before the other testimony
was offered. In other words, the stature had not been complied with.

The question as to the admissibility of the declarations of the deceased
subscribing witnesses is not properly raised, because of insufficiency in
the bills of exceptions pointed out in the opinion.

*Motion overruled.*