# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

## BARBER v. SAGER.

Opinion delivered November 24, 1919.

1. JUDGMENTS—DECREE SUSTAINING DEMURRER—CONCLUSIVENESS.—In an action for specific performance, a decree sustaining a demurrer, after the time for correction for mistake under Kirby's Digest, section 4432, has expired, is final and conclusive, in a subsequent suit to set it aside, as to all the allegations in the complaint, but is not conclusive of other matters.

2. JUDGMENTS—FRAUD IN PROCUREMENT—VACATION.—In an action to set aside a decree in an action for specific performance at a previous term, allegations that the decree was rendered in plaintiff's absence, sustaining a demurrer which had been filed two weeks before the term and after a withdrawal of the answer, without plaintiff's knowledge, plaintiff having been led to expect a trial on the merits, *held*, not to show fraud practiced upon the court in the procurement of the decree, under Kirby's Digest, section 4431.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*James E. Hogue* and *George M. Heard,* for appellant.

1. The decree should be set aside, under Kirby's Digest, section 4431, subdivision 4. Appellant's showing of fraud or mistake is complete. Appellant was deprived of his day in court. 128 Ark. 50. An act of the court should prejudice no man. Broom, Legal Maxims 99. The act of the court deprived appellant of his right to be heard by the court to which he had applied for relief. It closed the door of justice to him. 128 Ark. (*Montague* v. *Craddock*). Any act of the court, however innocent, which deprives parties of their rights under the statutes

constitutes a fraud in law against which equity will relieve. 128 Ark. 59; 123 *Id.* 443; 105 *Id.* 266; 128 *Id.* 269.

2   On the intervention, Sanders and Devore were not parties to the suit; they intervened without notice to plaintiff and took a decree without notice to him. If not a fraud, it was certainly taking judgment without notice. 31 Cyc. 132; 63 Ark. 254; 2 A. & E. Enc. of L., p. 180. The demurrer should be overruled, and the judgment reversed.

*John W. Moncrief,* for appellees Sanders and Devore.

1.   If fraud was practiced as alleged, appellant's remedy was by appeal. 86 Ark. 524. The Sagers had the right, with the permission of the court, to withdraw the answer and file a demurrer. If any error was committed the remedy was by appeal. Appellant was not prevented from being heard upon the demurrer. He was not told, nor claimed that anyone told him, that no questions of law would be raised; nor was he told to remain away from court; nor was he told that no demurrer would be filed. 114 Ark. 493.

2.   When fraud is charged the facts or particulars must be set forth; general allegations of fraud or deception are not sufficient, nor is it sufficient to allege that the court made an error as to its opinion of the law. 90 Ark. 170; *Ib.* 263. The remedy, if any, is by appeal. 63 Ark. 254. If the dismissal was premature, erroneous or irregular, the remedy is by appeal. 105 Ark. 406-410.

Where a demurrer is determined, the judgment is final, unless leave is granted to amend the pleadings. 31 Cyc. 351; 23 *Id.* 670-1. See also 105 Ark. 406, 410.

The last complaint stated no cause of action, alleged no fraud and the question is *res judicata.*

*C. L. O'Daniel,* for appellees William and Rebecca Sager.

1.   No fraud is shown and fraud is never presumed; it must be alleged specifically and proved. 11 Ark. 378; 38 *Id.* 419-427; 63 *Id.* 22.

2. Fraud sufficient to vacate a decree must be a fraud extrinsic of the matter tried in the case. 104 Ark. 308. The fraud must be in the procurement of the judgment itself. 118 Ark. 449. The fraud must be upon the court in procuring the decree or judgment. 75 Ark. 424; 73 *Id*. 444.

3. The decree was valid and the Sagers committed no fraud upon anyone. The demurrer to the original complaint was properly heard and sustained. Kirby's Digest, § 6096. The original complaint filed by Barber should have been dismissed on demurrer. Its allegations were not sufficient. 27 Ark. 369; 23 *Id*. 200; 17 *Id*. 279; 38 *Id*. 598. A contract within the statute of frauds will be presumed to have been made in writing. 38 Ark. 598. Exhibits not the foundation of the action or defense can not be considered on demurrer. 53 Ark. 479; 99 *Id*. 222; 104 *Id*. 459.

4. Judgment on demurrer is final until reversed on appeal. 63 Ark. 258.

5. Appellant's motion to vacate the decree is barred. Kirby's Digest, § 4432.

SMITH, J. This suit was brought by appellant Barber for the purpose of enforcing the specific performance of a contract to convey land and for vacating a decree previously pronounced in another suit between Barber and William Sager and his wife under the provisions of section 4431 of Kirby's digest. This previous suit had itself been brought for the purpose of compelling the Sagers to specifically perform a contract to convey land to Barber.

The first complaint against appellee Sager and his wife was filed on June 24, 1917. William Sager filed an answer to this complaint in vacation on July 14, 1917, but his wife filed no answer. No notice of the filing of this answer was given and Barber and his attorney were not advised of that fact until about two weeks before the beginning of the term of court to which the suit was brought and which convened on September 24. As soon as Barber's attorney was advised that this answer had

been filed he took up by correspondence with Sager's attorney the question of obtaining an agreement by which the testimony on both sides might be taken in open court and the cause heard at the September term. No agreement had been reached when court convened, and on that day Sager appeared through other attorneys and withdrew his answer and filed a demurrer and also a separate motion to dismiss the complaint for want of a bond for costs.

On the second day of the term appellees, Devore and Sanders, who had not been made parties to the first suit (but were made defendants in this), appeared, through still other attorneys, and filed an intervention, which was in the nature of an answer to the complaint and cross-complaint, against both Barber and Sager and his wife. This pleading contained an allegation that Barber was a nonresident of the State, and that he refused to give a bond for costs, and that Barber had not and would not prosecute his suit, and that the complaint did not state a cause of action.

On the day this intervention was filed a decree was rendered sustaining the demurrer and granting the interveners the relief prayed by them against the Sagers —the intervention being in the nature of a suit for specific performance to compel the conveyance of the same lands described in Barber's complaint.

On March 18, 1918, Barber filed his second complaint, making the Sagers and Devore and Sanders defendants, which recited the facts set out above, and in this complaint he asked that the decree rendered at the preceding term be vacated and that the Sagers be compelled to specifically perform by conveying him the lands described.

On May 1, 1918, the defendants in the last complaint filed separate demurrers, which were sustained on February 3, 1919, and this last complaint dismissed for want of equity. From this decree Barber has prosecuted this appeal. The pleadings and the decree in the first suit are made exhibits to the complaint in the second suit.

All the proceedings referred to were had in the chancery court for the Southern District of Arkansas County. The court in that district convenes on the first Monday in February and the fourth Monday in September of each year.

Appellant Barber insists that the decree which he seeks to vacate was procured by fraud practiced upon the court. His insistence is that his first complaint was filed on June 24, 1917, and under the Pleading and Practice Act the answer was due to be filed by noon of the first day of court after the service of the summons and no trial could have been had, except by consent, until ninety days after the pleadings were completed and that in any event he could not have demanded a trial until long after the time for the court to meet. That the answer of Sager was filed with the clerk in vacation on July 14, 1917, but to make it effectual, as if filed in court on that date, it was necessary for Sager to give the notice called for by section 6118 of Kirby's Digest and that the filing of this answer made up the issues so far as Sager was concerned and, in the absence of any time being fixed by the court for taking depositions, appellant had forty days after the answer was filed in court, or after notice that it had been filed in vacation, in which to take his proof. And, further, that the title to this land was in Mrs. Sager, who had not answered, and she had until noon of the first day in which to answer, in which event appellant would have had forty days from the filing of her answer in which to take his proof.

Appellant says these facts led him to believe that the complaint was deemed sufficient, not to be demurrable, and that the case would come to trial on its merits and that it was a fraud to file an answer which led him to believe that the case would be tried upon the issues made by the complaint and answer and to thereafter file a demurrer and to take a decree sustaining the demurrer, in the absence of the plaintiff, and without notice to him that this would be done.

The concession is made that "there were no agreements in this case as to when the case should be taken up nor for any notice to be given by one party to the other of any desire to call it up for trial," but the contention is made that "the law itself spoke the rights of the parties in plain and unmistakable terms, and that after the pleadings had been made up and the issues joined the statute itself gave the parties time in which to take their proof," and that it was a fraud in law to disappoint this expectation without giving notice that the answer would be withdrawn and the demurrer filed.

In opposition to granting the relief prayed it is pointed out that the motion to dismiss for want of a bond for costs had been filed for two months before the sitting of the court and that it is recited in the last complaint that Barber was advised on October 1, 1917, that the demurrer had been sustained and his complaint adjudged not to state a cause of action.

Appellees also say that appellant is precluded by section 4432 of Kirby's Digest from saying that the decree on the demurrer was prematurely rendered. That section reads as follows:

"Section 4432. The proceedings to correct misprisions of the clerk shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action. The motion to vacate a judgment because of its rendition before the action regularly stood for trial can be made only in the first three days of the succeeding term."

The decree was rendered September 25, 1917, and the next ensuing term of the court convened on the first Monday in February and the complaint and motion to vacate were filed March 8 thereafter. So that if relief is to be granted it must be granted upon the ground that fraud was practiced upon the court in obtaining the decree.

Appellees discuss the allegations of the first complaint and insists that it was demurrable for the reason that the contract sued on was void under the statute of frauds and that the demurrer was properly sustained. Attention is also called to the fact the complaint alleges

that before court convened appellant's solicitor wrote to counsel who had filed the answer for the Sagers, and received no reply to this letter, whereupon appellant's counsel called the other attorney over the telephone and was advised by that attorney that he no longer represented Sager but that other counsel had been employed, who had filed a demurrer and perhaps other pleadings.

(1) It is unnecessary to determine here whether the demurrer was properly sustained or not; any error committed in that respect could have been cured by appeal. On the other hand, only those matters are concluded by the decree on the demurrer which were within the allegations of the complaint. The decree in so far as it adjudged the relative rights of the Sagers and the interveners under the intervention was not, and is not, binding on Barber, as he was not properly made a party to any controversy between them; but the decree is final and conclusive as to all the allegations contained in the complaint against the Sagers. *Luttrell* v. *Reynolds,* 63 Ark. 254; *Stewart* v. *Wood,* 86 Ark. 504. In the case of *Stewart* v. *Wood, supra,* a syllabus is as follows:

"Kirby's Digest, section 4431, sub-division 4, providing that 'the court in which a judgment or final order has been rendered shall have power, after the expiration of the term, to vacate or modify such judgment or order. * * * Fourth, for fraud practiced by the successful party in the obtaining of the judgment or order,' does not authorize the court at a subsequent term to set aside a judgment duly rendered for mere errors of law committed by the court."

(2) We are, therefore, powerless to grant relief except upon a finding that fraud was practiced upon the court in procuring the decree; and we think the allegations of the complaint insufficient to support that finding. Appellant was advised that the Sagers had changed attorneys and that a demurrer and possibly other pleadings had been filed. There is no allegation that any agreements were broken or deception practiced. Sager had the legal and moral right to file a demurrer and to press

it to a decision, and that decision was rendered at the regular term of the court then being held pursuant to the statute. The decree of the court below is, therefore, affirmed.