### JONES v. STEINLE et al. (No. 7324.)

Court of Civil Appeals of Texas. Austin.
Feb. 21, 1929.

Rehearing Denied March 13, 1929.

Geo. S. Dowell and O. Dickens, both of Austin, for appellant.

Hart, Patterson & Hart, of Austin, for appellees.

BLAIR, J. Appellant filed his application to probate a certain instrument as the last

will and testament of his mother, Martha F. Jones, deceased. Appellee, a daughter of deceased, filed her contest, and both the county court and the district court on appeal refused to probate the instrument as a will, because the proponent failed to show that the two attesting witnesses subscribed "their names thereto in the presence of the testator," as required by article 8283, R. S. 1925; hence this appeal.

Articles 3344 and 3348, R. S. 1925, place the burden upon the proponent to show that a will offered for probate was executed "with the formalities and solemnities and under the circumstances required by law," which includes establishing whether the will was subscribed to by the attesting witnesses in the presence of the testator. The sole question on this appeal is whether proponent met this burden.

The instrument offered for probate was signed by two witnesses, Joe Koen and his daughter, Della R. Koen, now Mrs. Simon. Mrs. Simon testified in substance that she did not know Mrs. Jones; that she did not see Mrs. Jones when she and her father signed as attesting witnesses, but that they signed at the request of Mr. Goldbeck, the scrivener, who brought the instrument to her father's store and told them that it was the will of Mrs. Jones. Witness identified both the signature of herself and that of her father on the will. She further testified that Mrs. Jones was not in the store at the time she (witness) and her father signed the instrument as attesting witnesses; that she "did not see her in connection with that"; and that "to the best of my recollection I swear most positively I did not see her." Joe Koen, the other attesting witness, was not called, and no explanation was made for his absence.

Under this evidence, proponent was not entitled to have the will probated, because he failed to prove by the only attesting witness called that the two attesting witnesses subscribed their names to the will in the presence of the testatrix, and did not produce or account for the absence of the other attesting witness so as to permit him to introduce secondary evidence on that issue. When proponent called one of the attesting witnesses who testified that she did not sign, or had no recollection of signing the will in the presence of testatrix, it then became his duty to produce the other attesting witness or account for his absence in the manner provided by article 3344, supra; and, having failed to do this, he has not met the burden placed upon him by the statutes and shown the will to have been executed with the formalities and solemnities required by law. Elwell v. Universalist Gen. Convention, 76 Tex. 514, 13 S. W. 552; Lindsay v. Shaner, 291 Mo. 297, 236 S. W. 319; Rayl v. Golfinopulos (Mo. App.) 233 S. W. 1069; Stephenson v. Stephenson, 6 Tex. Civ. App. 529, 25 S. W. 649; Woolley v. Woolley, 95 N. Y. 231; Jackson v. Le Grange, 19 Johns. (N. Y.) 386, 10 Am. Dec. 237; Jackson v. Vickory, 1 Wend. (N. Y.) 406, 19 Am. Dec. 522; Stow v. Stow, 1 Redf. Sur. (N. Y.) 305; Scribner v. Crane, 2 Paige (N. Y.) 147, 21 Am. Dec. 81; 28 R. C. L. p. 370, § 371.

The Supreme Court held in Elwell v. Universalist Gen. Convention, supra, that:

"The testimony of the subscribing witnesses who have been called upon by the testator to attest the due execution of a will is primary, and must be produced or the absence of the witnesses accounted for before other indirect testimony can be offered."

The other cases cited hold, in substance, that, when the attesting witness or witnesses called were unable to testify to the necessary facts showing the will to have been executed with the formalities and solemnities required by law, such facts could not be supplied by secondary evidence so long as some of the subscribing witnesses had not been examined, or their absence accounted for as required by the statutes. The failure of proponent of a will to produce or account for such other attesting witnesses raises a presumption that they would, if produced, testify that the will was not signed by them in the presence of the testator or testatrix. Dunkeson v. Williams (Mo. Sup.) 242 S. W. 653; Jackson v. Le Grange, 19 Johns. (N. Y.) 386, 10 Am. Dec. 237; Kenyon v. Kenyon, 88 Hun, 211, 214, 34 N. Y. S. 720.

But, had appellant accounted for the absence of the other attesting witness so as to entitle him to introduce secondary evidence, he failed to prove any fact or circumstance which in the least tended to show that the attesting witnesses subscribed their names to the instrument offered for probate in the presence of testatrix. The only secondary evidence adduced was the identification of the signature of testatrix on the proffered will, and certain declarations made by her during her lifetime to the effect that she had executed a will similar to the one offered for probate. This in no way tended to establish whether the will was subscribed to by the attesting witnesses in the presence of the testatrix. Massey v. Allen (Tex. Com. App.) 248 S. W. 1067.

We affirm the judgment of the trial court. Affirmed.