### SHEPHERD v. STEARNS et al.
### No. 12555.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 31, 1931.

E. W. Napier, of Wichita Falls, for appellant.

George & Brannan, of Wichita Falls, for appellees.

**CONNER, C. J.**

This appeal is from a judgment of a district court of Wichita county refusing to probate the lost will of George E. Stearns, deceased. Dave Shepherd, the proponent and guardian of Louada Stearns and Evelyn Stearns, minors, has duly appealed from the judgment. The jurisdiction of the district court is not questioned, and the case is before us on the trial court's conclusions of fact and law, without a statement of facts. The trial court found that George E. Stearns died on or about February 16, 1928, and that at the time of his death he owned lots 13 and 14 in block 112 of the original townsite of Wichita Falls, Wichita county, Tex., and lot 17, Curtis and Jones subdivision, block 254, in the same city; that at the time of his death George E. Stearns left as his sole surviving heirs at law his wife, Mrs. Ames Stearns, and his brothers, C. A. Stearns, James L. Stearns and J. W. Stearns, all of whom were duly cited. The court further found that George E. Stearns, being of sound mind and memory, and more than 21 years. of age, executed his last will and testament, with all of the formalities requisite to a valid will, which, after its execution, had been left with him and not thereafter seen by any other person. The court further found, among other things, that after his death diligent search was made for the will in the most likely places, but it could not be found and was not produced upon the trial. The court further found that under the terms of the will the lots hereinbefore described were bequeathed as follows: Lot 13 to his mother, Mrs. S. L. Stearns, since deceased, during her lifetime, with the remainder, after her death, to his wife, Ames Stearns, during her lifetime, with the remainder, after her death, to Louada and Evelyn Stearns, the minor daughters of James L. Stearns, brother of the testator; that the other two pieces of real estate were bequeathed to Ames Stearns during her lifetime, and upon her death to the said Louada and Evelyn Stearns; that no provision was made in the will for the appointment of an executor, but that the proponent, Dave Shepherd, is in no way disqualified to receive letters of administration. Upon the facts so found, the court concluded that the legal presumption arising therefrom is that the will was destroyed by the testator during his lifetime with the intention of revoking the same, and appellant's application to admit said will for probate and for letters of testamentary was accordingly denied.

■ In 34 A. L. R. p. 1309, it is said: "Although a will validly executed remains in effect until revoked, a prima facie presumption of destruction by the testator animo revocandi arises where it appears that a will offered for probate cannot be produced, due to loss or destruction, and that it was in the possession of or had been accessible to the testator."

The rule or presumption so indulged by the court under the facts found seems to be well established by the authorities of other states

as well as of our own. See cases cited in support of the quotation made in 34 A. L. R. p. 1309, and the cases of McElroy v. Phink, 97 Tex. 147, 76 S. W. 753; 77 S. W. 1025; McIntosh v. Moore, 22 Tex. Civ. App. 22, 53 S. W. 611. No error therefore can be predicated upon the action of the court in indulging the presumption made the basis of his judgment when limited by the particular facts found in the court's conclusions.

The presumption, however, is not conclusive; but it is rebuttable. In 34 A. L. R., above cited, on pages 1310 and 1311, it is said: "The prima facie presumption of revocation, from disappearance while under the testator's control, may be rebutted by competent proof that the loss or destruction occurred without the testator's consent or intent to revoke"—citing cases in support of this quotation from numerous states, to which may be added cases of our own courts, such as Tynan v. Paschal, 27 Tex. 286, 84 Am. Dec. 619; McElroy v. Phink, 97 Tex. 147, 76 S. W. 753, 77 S. W. 1025; Dannenbauer v. Messerer's Estate (Tex. Civ. App.) 4 S.W.(2d) 620; Mitchell v. Deane (Tex. Com. App.) 10 S.W.(2d) 717; Lassiter v. Bouche (Tex. Com. App.) 14 S.W.(2d) 808; Stephenson v. Stephenson, 6 Tex. Civ. App. 529, 25 S. W. 649, writ of error refused; Westbrook v. Adams (Tex. Civ. App.) 17 S.W.(2d) 117; Compton v. Dannenbauer (Tex. Sup.) 35 S.W. (2d) 682.

■ Appellant, however, sought to overcome the presumption of the loss of the will under consideration by the introduction of the following testimony by James L. Stearns and his wife, Mrs. James L. Stearns: James L. Stearns, after having testified without objection that he was the father of the minors, Louada and Evelyn Stearns, and that he was the brother of George E. Stearns, and that his mother, Mrs. S. L. Stearns, owned lots Nos. 13 and 14 in block 112 of the original townsite of Wichita Falls, which were known and referred to as the "home place," and that his mother, who was also the mother of George E. Stearns, died intestate in said county, on or about the 7th day of April, 1926, and after further testifying without objection that George E. Stearns had no children, and that Ames Stearns was his third wife, and that she and the said George E. Stearns did not get along harmoniously, but that there was a very profound affection between George E. Stearns and the witness' minor children, Louada and Evelyn Stearns, was then asked by appellant's counsel to further state "whether or not that affectionate relationship between George E. Stearns and the said minor children, Louada and Evelyn Stearns, continued without interruption up until the time of the death of George E. Stearns and what was said to the witness by George E. Stearns shortly before his death."

To the question and evidence thus sought to be elicited, counsel for appellee objected on the ground that, "by reason of the relationship between the witness and the beneficiaries under the will, who were the daughters of the witness, the testimony sought to be elicited by the question would violate article 3716, R. S. 1925; that the witness was interested in the subject matter because he was the natural guardian of his minor children Louada and Evelyn Stearns."

The court sustained the objection thus presented, and rejected the testimony sought to be elicited thereby. As shown by the bill of exception taken to the action of the court, the witness would have testified that the affectionate relationship between George E. Stearns and said minor children, Louada and Evelyn Stearns, continued without interruption up until the time of the death of George E. Stearns, and further that: "George E. Stearns stated in my presence three or four days before his death, and on other occasions prior thereto, that his mother, Mrs. S. L. Stearns, during the year 1925 entered into a contract with Brown and Cramer for the purpose of making improvements on said lot No. 14; that after the completion of the work she lacked approximately $500 of having sufficient money with which to pay for the improvements; that she borrowed the money from George E. Stearns, and, for the purpose of securing the said George E. Stearns, she executed a deed to said lot in favor of the said George E. Stearns, with the understanding that whenever the money was repaid the said George E. Stearns was to reconvey the property to her; that subsequently she did repay the money, but that instead of having the said George E. Stearns reconvey the property to her she made an agreement with him that he was to hold the property in his name until his death, but that he was to make a will bequeathing said lot No. 14 to her, the said Mrs. S. L. Stearns, during her lifetime, and upon her death the property was to go to Mrs. Ames Stearns, wife of George E. Stearns, during her life, with the remainder to the two minor children of the witness; and that he should bequeath lot No. 13 in block 112, and lot No. 17, Curtis and James Subdivision, block 254, in the City of Wichita Falls, Wichita County, Texas, to Ames Stearns during her lifetime with the remainder to the said minor children; that the said George E. Stearns agreed to make his will according to the request of Mrs. S. L. Stearns; that subsequently on or about the 7th day of April, 1926, the said Mrs. S. L. Stearns died; that three or four days before the death of the said George E. Stearns, he, the said George E. Stearns stated to the witness that he was about to die and that he had his affairs all arranged just as he wanted them; that he had made the will in ac-

cordance with the understanding with his mother and also stated to him that his mother had repaid the loan of $500.00 and that he, at that time, was indebted to his mother in the sum of approximately $1,800.00."

Appellant also offered as a witness Mrs. James L. Stearns. She testified without objection that she was the mother of Louada and Evelyn Stearns and the wife of James L. Stearns, and that three or four days prior to the death of George E. Stearns she had a conversation with him, at which point appellant then asked her to state "what, if anything, was said by the said George E. Stearns in that conversation?" To which question and the evidence sought to be elicited thereby defendants objected on the same ground urged to the testimony of James L. Stearns. This objection was likewise sustained, and the evidence sought to be elicited thereby rejected. The bill of exception shows that, had Mrs. Stearns been permitted to answer, she would have testified that: "Three or four days before the death of said George E. Stearns, he, the said George E. Stearns, stated to her that he was about to die and that he had his affairs arranged just as he wanted them; and that he had made a will to her children, in accordance with an agreement previously made between him, the said George E. Stearns, and his mother, Mrs. S. L. Stearns."

We have concluded that the court erred in his rulings and in refusing to consider the quoted testimony of the witnesses named.

Article 3716, Rev. Civ. Statutes 1925, provides that: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It has been held that this article changes the common-law rule and should be strictly construed, and not so extended by judicial construction as to exclude testimony not expressly excluded by its terms. Nimitz v. Holland (Tex. Civ. App.) 217 S. W. 244; Dodson v. Watson (Tex. Civ. App.) 225 S. W. 586; Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441.

Article 3715 of the same Statutes provides that: "The husband or wife of a party to a suit or proceeding, or who is interested in the issue to be tried, shall not be incompetent to, testify therein, except as to confidential communications between such husband and wife.".

We think it now well established by our decisions that in a proceeding such as that under consideration a testator's statements, if any, tending to support a will offered for probate, are admissible and not to be excluded under the terms of article 3716 of the Statutes. We will here refer to some of the cases we have already cited.

In the case of Dannenbauer v. Messerer's Estate (Tex. Civ. App.) 4 S.W.(2d) 620, a will contest was had in which the issue was whether testator had made subsequent wills revoking the will offered for probate. Testimony as to the testator's statements indicating that he had not made subsequent wills was held admissible as showing the state of mind as against the contention that they were hearsay.

In the case of McIntosh v. Moore, supra, it was held that the declarations of a testator as to transactions concerning his will and the disposition of his property, made during a time when he was claimed to have destroyed the will, were admissible to prove the state of the testator's mind; it being contended that he had not mental capacity to revoke his will.

In Mitchell v. Deane, 10 S.W.(2d) 717, by section B of the Commission of Appeals, it was held that the wife of the testator's son, who was beneficiary under the will, was competent under article 3716, Rev. Statutes, to testify as to transactions with the testator in a suit to set aside a probate of the will in which her husband was a party, but to which she was neither a necessary nor proper nor actual party; the subject-matter of the proceeding being the insured's separate property in which the wife's rights were at best potential and contingent.

In Westbrook v. Adams (Tex. Civ. App.) 17 S.W.(2d) 116, in a suit by the widow of a deceased insured to cancel the assignment of his policy and change the beneficiary from her to the estate of insured on the ground that the insured was of unsound mind at the time, it was held that the testimony of the deceased's wife, son, and daughter, as to various declarations, acts, conditions, etc., of deceased tending to show deceased was of unsound mind, was not inadmissible under article 3716.

In Lassiter v. Bouche (Tex. Com. App.) 14 S.W.(2d) 808, it was held that a daughter, suing persons to whom her deceased mother had deeded land to impose an oral trust on the conveyance, and asserting title, not by virtue of heirship, but by virtue of deed from her mother to her, was not disqualified by article 3716 as a witness to testify to transactions or communications by and between her deceased mother and another still living, and further that the fact that such deed conveyed the property in controversy to the daughter in trust for beneficiaries who happened to be also heirs was immaterial.

In Stephenson v. Stephenson, 6 Tex. Civ. App. 529, 25 S. W. 649, writ of error refused,

it was held that the father of a beneficiary of a will is not "an interested party" so as to be incompetent to testify to the execution of a will.

In the early case of McElroy v. Phink, 97 Tex. 147, 76 S. W. 753; 77 S. W. 1025, it was held that on the issue of revocation of a lost will, last shown to be in the hands of the husband of the testatrix who had called on the custodian for it, declarations of the testatrix that she had herself sent for and destroyed it were admissible in evidence; so, also, were her declarations complaining of her treatment by the principal beneficiary under the will.

In Johnson v. Brown, 51 Tex. 65, it was held that it was admissible to prove in a contest as to the genuineness of a will offered for probate that the testator, before and after the date of the alleged will, expressed unfriendly feelings towards the principal legatees under the will, as evidence of a distinct, independent collateral fact, which would, in some degree, tend to prove the issue before the court.

The last two cases cited are reviewed by the Supreme Court, together with some others in conflict therewith, in the case of Compton v. Dannenbauer (Tex. Sup.) 35 S.W.(2d) 682, 685, in which the court states: "We therefore hold that the rule announced in McElroy v. Phink, Tynan v. Paschal and Johnson v. Brown is now the rule in force in this state. We are aware that very good reasons may be given for and against both rules, but we think the better reasoning supports the holding in McElroy v. Phink, and, furthermore, that being the last expression of our Supreme Court, should be adhered to, unless some good reason can be given for overruling the same."

Without further discussion, we conclude that the court erred in refusing to receive and consider the testimony of James L. Stearns and wife, above quoted, and that for the error in so refusing the judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.